**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL ALIM AMIN ABDULLAH,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN MERRIEL,<br><br>Defendant. | Civil Action No. 21-10810 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Plaintiff Abdul Alim Amin Abdullah's ("Plaintiff") Motion for Default Judgment against Defendant Melvin Merriel ("Defendant"). (ECF No. 19.) Defendant has not responded in the action. The Court has carefully considered the Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Plaintiff's Motion for Default Judgment is denied.

I.  **BACKGROUND**

   A.  **Statement of Facts**[1]

Plaintiff is a diabetic prisoner confined at the New Jersey State Prison ("NJSP"). (Am. Compl. ¶¶ 6-7, ECF No. 10.) On May 30, 2019, Plaintiff went to NJSP's medical clinic for an insulin shot. (*Id.* ¶ 8.) Plaintiff states that he gave his name to a female officer at the clinic; as she looked for his name in a prisoner book, Plaintiff states that he pointed it out for her. (*Id.*) Plaintiff

---

[1] Defendant has not responded in the action and thus the relevant facts are based only upon Plaintiff's Amended Complaint.

alleges Defendant, another correctional officer, told Plaintiff that "[s]he doesn't need [his] . . . help." (*Id.*) As Plaintiff signed for his insulin, he alleges Defendant "snatched the pen from [his] hand and told [him] to 'use a . . . safety pen.'" (*Id.* ¶ 9.) Plaintiff asserts that he told Defendant, "you [do not] have to snatch the pen from my hand," and that Defendant responded "[i]f you [do not] like it, do something about it," and "[i]f you keep talking, [you will] find yourself with a long stay in the hospital." (*Id.*)

Plaintiff alleges that as he left the clinic, Defendant intervened and told the "pat down officer" that Defendant would conduct the pat down search of Plaintiff. (*Id.* ¶ 10.) During the search, Plaintiff claims Defendant "man-handle[d]" him and "grabbed the waist of [Plaintiff's] pants and pulled them up severely to give him a wedgie, using his stomach and chest to push [Plaintiff] from behind." (*Id.* ¶¶ 10-11.) Plaintiff states that he asked Defendant "[w]hy did you have to search me like that?" and that Defendant responded, "[d]o something about it." (*Id.* ¶¶ 11-12.) Plaintiff alleges Defendant then grabbed Plaintiff's right arm and neck and shoved him backwards. (*Id.* ¶ 12.)

Plaintiff asserts that he immediately reported the incident to several other officers. (*See id.* ¶¶ 12-18.) As a result of this interaction with Defendant, Plaintiff claims that he suffers from "PTSD[-]like problems that directly relate to [the] assault, . . . which now gives him extreme anxiety during his daily trips to the medical department." (*Id.* ¶ 19.)

**B.      Procedural History**

On May 6, 2021, Plaintiff submitted his Complaint to the Court and applied to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and approved the application and Complaint for filing. (ECF No. 2.)

On September 17, 2021, upon receiving a completed U.S. Marshals Process Receipt and Return form from Plaintiff, the U.S. Marshals Service (the "Marshals") executed and returned a summons as to Defendant. (Process Receipt and Return, ECF No. 6.) *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."). The Process Receipt indicates that the Marshals personally served the summons and Complaint to an individual named Fathom Borg. (*Id.*)

On June 8, 2022, over a year after filing his original Complaint, Plaintiff filed an Amended Complaint (*See* Compl.; Am. Compl., ECF No. 10), and the Court confirmed receipt. (ECF No. 11). The Amended Complaint has no new claims or causes of action, nor does it add or change parties to the suit.[2] (*See generally* Am. Compl.) Instead, Plaintiff added three paragraphs about reports he made about the incident to other officers (Am. Compl. ¶¶ 16-18), and fixed typographical errors (*compare* Compl. ¶¶ 7, 9, 11 *with* Am. Compl. ¶¶ 7, 9, 11 (changing, for example, "diabeates" to "diabetes," "medicaion" to "medication," "severly" to "severely.")).

Defendant never filed a responsive pleading. (*See* Pl.'s Req. for Default, ECF No. 14.) On October 28, 2022, Plaintiff requested default from the clerk, which the clerk entered the same day. (ECF Nos. 14, 15.) On June 22, 2023, Plaintiff moved for default judgment. (Pl.'s Mot. for Default J., ECF No. 19.)

## II.   DISCUSSION

Federal Rule of Civil Procedure[3] 55 allows the Court to enter default judgment "against a *properly served* defendant who fails to file a timely responsive pleading." *La. Counseling & Fam.*

---

[2] Plaintiff's Amended Complaint, like his original Complaint, asserts a claim under 42 U.S.C. § 1983 for excessive force. (Am. Compl. ¶¶ 1, 20-21; Compl. ¶¶ 1, 16-17.)

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

3

*Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (emphasis added) (citing Fed. R. Civ. P. 55(b)(2); *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). As such, as an initial matter, the Court must determine whether Plaintiff properly served Defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").

Here, Plaintiff requested to serve Defendant with the Complaint, but has not requested that the Amended Complaint be served. (*See* ECF Nos. 4, 5.) It is well-established that a plaintiff must serve every "pleading filed after the original complaint."[4] Fed. R. Civ. P. 5 (a)(1)(B); *see Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 835 (3d Cir. 2022) ("Because an amended complaint supersedes the pleading it modifies, the original complaint no longer perform[s] any

---

[4] Pursuant to Rule 4(e), service may be made by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e). New Jersey Court Rule 4:4-4, which sets forth state requirements for service of process "mirrors the Federal Rules." *Dunkley v. Rutgers*, No. 06-5762, 2007 WL 2033827, at *1 (D.N.J. July 11, 2007). In short, Plaintiff can serve Defendant personally, leave process at Plaintiff's dwelling or abode, or give it to someone authorized by appointment or law to accept it. N.J. Ct. R. 4:4-4 (a)(1).

4

function in the case" (internal citations and quotations omitted)); *Moses v. Amazon.com.dedc LLC*, No. 16-8675, 2019 WL 7293590 (D.N.J. Dec. 30, 2019) (dismissing an amended complaint for insufficient service of process). Accordingly, pursuant to Rule 55, the Court denies Plaintiff's Motion for Default Judgment and will vacate the clerk's entry of default because Defendant has not been properly served with the Amended Complaint.[5]

**IT IS THEREFORE,** on this 28th day of November, 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 19) is **DENIED** for improper service.

2. The Clerk's Office shall refile Plaintiff's Amended Complaint (ECF No. 10) on the active docket.

3. The Clerk's Office shall serve a copy of this order upon Plaintiff by regular U.S. Mail and shall provide Plaintiff with a copy of the USM-285 form to be completed by Plaintiff.

4. To serve Defendant with the Amended Complaint, Plaintiff must return the completed USM-285 form to the Clerk's Office by December 14th, 2023.

---

[5] Separately, the Court notes that service of Plaintiff's original Complaint was improper. The Marshals did not serve Defendant personally or at his dwelling or abode. (Process Receipt and Return.) *See* Fed. R. Civ. Pro. 4(c), (e). Further, Plaintiff does not allege in his briefs that Fathom Borg is "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4 (e)(2)(C); *see also Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 2413673, at *5 (D.N.J. Aug. 4, 2009) (citations omitted) (stating that to establish authorization by law, "the agent must be authorized by a statute" to accept service of process); *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009) (citations omitted) (stating that to establish authorization by appointment, a defendant must have appointed someone "for the specific purpose of receiving process."). Even if the Court were to assume that Mr. Borg is associated with the NJSP, no law or regulation empowers an employer, a coworker, or a fellow employee at NJSP to accept process on behalf of another individual employed by NJSP. *See* N.J.S.A 30:1B (Department of Corrections); N.J.A.C. 10A (Department of Corrections). Should Plaintiff request service of his Amended Complaint, the Marshals will be directed to serve Defendant using "one of the permissible methods of service set forth in [Rule] 4(e) within a reasonable amount of time." *Nyholm*, 259 F.R.D. at 105.

5. Upon receipt of the completed USM-285 form, the Clerk's Office shall issue summons and the Marshals shall serve a copy of the Amended Complaint and summons upon Defendant within a reasonable amount of time in accordance with Rule 4(e).

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE