UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL ALIM AMIN ABDULLAH,<br><br>    Plaintiff,<br><br>    v.<br><br>MELVIN MERRIEL,<br><br>    Defendant. | Civ. No. 21-10810 (MAS)(JBD)<br><br>MEMORANDUM ORDER |

This matter comes before the Court by way of a motion filed by *pro se* plaintiff Abdul Alim Amin Abdullah for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). [Dkt. 52.] For the reasons set forth below, Abdullah's motion is DENIED.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On May 6, 2021, Abdullah, who is currently incarcerated at New Jersey State Prison, filed a complaint, along with an application to proceed *in forma pauperis*, against defendant Melvin Merriel, who is a senior correctional officer at the prison. [Dkt. 1.] In the complaint, Abdullah alleges that Merriel assaulted him in the prison's medical clinic in May 2019 and asserts a claim under 42 U.S.C. § 1983 for the deprivation of his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 3-5. This Court granted Abdullah's application to proceed *in forma pauperis* on May 11, 2021 and permitted his complaint to proceed after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* [Dkt. 2].

Abdullah filed an amended complaint on June 8, 2022. [Dkt. 10.] Thereafter, he filed a motion for default judgment against Merriel, which the Court denied

because Abdullah had not properly served Merriel with the amended complaint. [Dkt. 23] at 3-5.  At the Court's direction, the Clerk refiled the amended complaint on November 28, 2023.  *Id.* at 5.  The summons was returned executed on January 18, 2024 and Merriel filed his answer on March 8, 2024.  [Dkts. 26, 31.]

Abdullah filed his first motion for *pro bono* counsel on March 7, 2024, which Merriel opposed.  [Dkts. 32, 33.]  On September 20, 2024, the Court denied plaintiff's motion because "there [wa]s only one [*Tabron*] factor that weigh[ed] (slightly) in favor of appointing *pro bono* counsel at th[at] time, and the others either weigh[ed] against appointing counsel or [we]re neutral."  [Dkt. 39] at 7.  The same day, the Court entered a pretrial scheduling order, and the parties proceeded to discovery.  [Dkt. 38.]

After granting several extensions to the pretrial scheduling deadlines, [Dkts. 44, 46, 48], Merriel's counsel filed a letter requesting leave to take plaintiff's deposition and proposing additional adjustments to the then-governing pretrial schedule.  [Dkt. 49.]  On August 12, 2025, the Court entered an Order further extending the fact discovery deadline to September 30, 2025, and granting Merriel leave to take plaintiff's deposition on September 17, 2025.  [Dkt. 50.]  Because Merriel was not able to confer with Abdullah regarding the extensions and date of his deposition due to his incarceration, the Court allowed Abdullah to submit any objection to the Order no later than September 1, 2025.  *Id.*

On August 26, 2025, Abdullah filed the present motion for *pro bono* counsel. [Dkt. 52.]  Abdullah also filed an Objection to the Order granting Merriel leave to take his deposition, in which Abdullah asserted that he was "unable to represent

2

himself at the deposition" and requested that "the deposition be continued until after the Court rules on the [m]tion for [a]ppointment of *pro bono* [c]ounsel." [Dkt. 53]. The Court granted Abdullah's request and adjourned the deposition pending its resolution of Abdullah's motion. [Dkt. 54.]

Thereafter, Merriel filed two requests for extensions to the motion deadlines for plaintiff's motion for *pro bono* counsel so it could file an appropriate brief in opposition. [Dkts. 55, 57.] The Court granted both requests, ultimately making the motion opposition due on November 17, 2025. [Dkts. 56, 58.] Because the opposition date for the motion passed with no opposition having been filed, and the motion having been made returnable on December 1, 2025, the Court now decides Abdullah's pending motion for *pro bono* counsel as unopposed.

## II. DISCUSSION

While there is no constitutional right to counsel for litigants in a civil matter, 28 U.S.C. § 1915(e)(1) provides the Court with the discretion to "request an attorney to represent any person unable to afford counsel." *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citations omitted). Appointment of counsel may be made by the Court *sua sponte* at any point in the litigation. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993) (citations omitted). Moreover, the appointment of *pro bono* counsel need not be for the duration of the litigation; rather, it may be for limited or particular purposes. *See, e.g.*, *Bell v. Pleasantville Housing Auth.*, Civ. No. 09-4614 (NLH), 2012 WL 12978443 (D.N.J. Jan. 18, 2012) (appointing pro bono counsel for the limited purpose of defending plaintiff's deposition); *Henry v. Reynolds*, Civ. No. 22-5802 (RMB), 2025 WL 1703246, at *2 (D.N.J. June 18, 2025) (noting that the

3

Court had previously granted plaintiff's motion for *pro bono* counsel "for the limited purpose of effecting personal service of process upon all [d]efendants and denied with respect to representation beyond service of process.").

"Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (citations omitted). Once the Court has determined, as a threshold matter, "that the plaintiff's claim has arguable merit in fact and law," the Court then must consider a number of additional, non-exclusive factors (the "*Tabron* factors") to determine whether a matter warrants the appointment of *pro bono* counsel: (1) the ability of the plaintiff "to present his or her case," and, where the plaintiff is a prisoner, the "restraints placed upon him or her by confinement"; (2) the difficulty and complexity of the legal issues in the matter; (3) the amount of factual investigation required and the plaintiff's ability to pursue that factual investigation, and whether the claims will require extensive discovery and compliance with complex discovery rules; (4) whether the issues will rely heavily on testimony and thus turn on credibility determinations; (5) whether expert witness testimony will be required; and (6) whether the plaintiff can attain and afford to retain counsel. *Id.* at 155-56; *Parham*, 126 F.3d at 457.[1]

---

[1] The Court previously determined that "[Abdullah's] claims may have 'some merit in fact and law'" inasmuch as "the Court permitted [his] complaint to proceed after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B)." [Dkt. 39] (citing *Bolling v. Davis*, Civ. No. 19-18545 (RK), 2023 WL 4551425, at *3 (D.N.J. July 14, 2023); *Williams v. Hayman*, 488 F. Supp. 2d 446, 449-50 (D.N.J. 2007). Accordingly, the Court only discusses the *Tabron* factors in its analysis below.

The Court must weigh these factors ever mindful that "[v]olunteer lawyer time is a precious commodity . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." *Tabron*, 6 F.3d at 157 (second alteration in original) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). Thus, "appointment of counsel remains a matter of discretion . . . and the determination must be made on a case-by-case basis." *Id.* at 157-58.

"Because the facts relevant to the Court's decision to deny [Abdullah]'s first motion have not materially changed, the Court finds that the appointment of counsel for all purposes is inappropriate" for largely the same reasons previously expressed. *Bell*, 2012 WL 12978443, at *1 (D.N.J. Jan. 18, 2012); [Dkt. 39]. Indeed, while Abdullah asserts that he is "unable to proceed" with his deposition "without help" and "want[s] to protect [his] rights to a fair trial," [Dkt. 52] at 3, he does not set forth any new factual bases demonstrating that he is not "competent, literate, and generally understands the legal process" or that his general "ability to present his case has been impeded because of the particular circumstances of his incarceration." [Dkt. 39] at 4-5 (analyzing the first *Tabron* factor). Indeed, Abdullah does not provide any new information to justify why his individualized circumstances warrant the appointment of counsel (whether generally or in a limited capacity) at this time.

Moreover, while the Court previously noted that it was too early in the litigation to adequately assess *Tabron* factors two through five and deemed them

5

neutral for purposes of its prior analysis, it does not appear that Abdullah has had any trouble litigating the legal issues presented in this case or managing discovery thus far, and to date, no party has requested expert discovery. *Id.* at 5-7. And the Court still "cannot determine at this stage whether the case presents only a swearing contest," given that depositions and summary judgment are not yet complete. *Id.* at 6-7. Accordingly, the second, third, fourth, and fifth *Tabron* factors likewise do not weigh in favor of appointing counsel for all purposes at this time.

As to the sixth *Tabron* factor—whether the plaintiff can attain and afford to retain counsel—the Court previously found that "this factor weighs slightly in favor of appointing *pro bono* counsel." *Id.* at 7. Abdullah has not indicated that his financial or other ability to retain counsel has meaningfully changed since the Court's prior ruling on this issue, and therefore the Court again finds that this *Tabron* factor weighs in Abdullah's favor. But, on balance, the factors do not warrant appointing counsel for all purposes at this time. The Court therefore denies Abdullah's motion for the appointment of *pro bono* counsel at this time.

### III. CONCLUSION

For the foregoing reasons,

**IT IS** on this 5th day of December, 2025,

**ORDERED** that Abdullah's motion for the appointment of *pro bono* counsel [Dkt. 52] is DENIED without prejudice to Abdullah's right to file a new application for the appointment of *pro bono* counsel if the facts relevant to the *Tabron* analysis materially change; and it is further

**ORDERED** that Merriel shall have until January 9, 2026 to file via CM/ECF a renewed request for leave to take Abdullah's deposition; and it is further

**ORDERED** that the Clerk shall reinstate this matter to the active docket; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Abdullah by regular U.S. mail.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE