UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL ALIM AMIN ABDULLAH,<br>Plaintiff,<br>v.<br>MELVIN MERRIEL,<br>Defendant. | Civ. No. 21-10810 (MAS)(JBD)<br>MEMORANDUM ORDER |

Before the Court is pro se plaintiff Abdul Alim Amin Abdullah's motion for the appointment of pro bono counsel for the limited purpose of taking the deposition of defendant Melvin Merriel. [Dkt. 71.] Merriel opposes the motion. [Dkt. 74.] The Court has carefully considered the parties' submissions, Abdullah's deposition transcript, *see* [Dkts. 76, 77], and applicable law. For the reasons set forth below, Abdullah's motion is DENIED without prejudice.

## I. BACKGROUND

The Court writes for the parties and assumes familiarity with this action. Abdullah filed his first motion for pro bono counsel on March 7, 2024, [Dkt. 32], which the Court denied because only one *Tabron* factor "weigh[ed] (slightly) in favor of appointing pro bono counsel at th[at] time, and the others either weigh[ed] against appointing counsel or [we]re neutral." [Dkt. 39] at 7. The same day it denied Abdullah's motion, the Court entered a pretrial scheduling order, and the parties proceeded to discovery. [Dkt. 38.]

On August 7, 2025, Merriel's counsel sought leave to take plaintiff's deposition. [Dkt. 49.] The Court granted counsel's request, but because Merriel

was not able to confer with Abdullah regarding the date of his deposition due to his incarceration, allowed Abdullah to submit any objection to the order no later than September 1, 2025. [Dkt. 50.] On August 26, 2025, Abdullah filed a second motion for pro bono counsel and an objection to the order granting Merriel leave to take his deposition, in which Abdullah asserted that he was "unable to represent himself at the deposition" and requested that "the deposition be continued until after the Court rule[d] on the [m]tion for [a]ppointment of pro bono [c]ounsel." [Dkts. 52, 53.] In light of Abdullah's filings, the Court adjourned his deposition pending its resolution of Abdullah's motion for pro bono counsel. [Dkt. 54.]

On December 5, 2025, the Court denied Abdullah's motion "[b]ecause the facts relevant to the Court's decision to deny [Abdullah]'s first motion ha[d] not materially changed." [Dkt. 59] at 5 (internal quotation marks and citation omitted). The Court thereafter entered an amended order granting defense counsel leave to depose plaintiff on March 13, 2026. [Dkt. 61.] In response, Abdullah filed a letter renewing his request for the appointment of pro bono counsel to assist him during his deposition and to review defendant's proposed discovery confidentiality order. [Dkt. 62.] However, "[b]ecause plaintiff d[id] not set forth any additional information indicating that the facts relevant to the *Tabron* analysis [ ] materially changed since his [prior] motion for the appointment of pro bono counsel," the Court again concluded that "the appointment of pro bono counsel—even for the limited purposes of assisting with the proposed discovery confidentiality order and plaintiff's deposition—[wa]s not warranted at th[at] time." [Dkt. 63.]

After postponing his deposition several times, defense counsel ultimately deposed Abdullah on May 8, 2026. [Dkt. 68.] Shortly thereafter, Abdullah filed the motion for the appointment of pro bono counsel presently before the Court. [Dkt. 71.] As noted, Abdullah seeks counsel for the limited purpose of taking the deposition of Merriel. *Id.*; [Dkt. 78]. Merriel opposes the motion on the grounds that Abdullah "has not addressed the shortcomings set forth in the Court's" prior orders denying his previous motions for pro bono counsel. [Dkt. 74] at 2.

## II. DISCUSSION

Although there is no constitutional right to counsel for litigants in a civil matter, 28 U.S.C. § 1915(e)(1) gives the Court discretion to "request an attorney to represent any person unable to afford counsel." *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citations omitted). Relevant here, the appointment of pro bono counsel need not be for the duration of the litigation; rather, it may be for limited or particular purposes. *See, e.g.*, *Bell v. Pleasantville Housing Auth.*, Civ. No. 09-4614 (JS), 2012 WL 12978443, at *1 (D.N.J. Jan. 18, 2012) (appointing pro bono counsel for the limited purpose of defending plaintiff's deposition); *Henry v. Reynolds*, Civ. No. 22-5802 (RMB), 2025 WL 1703246, at *2 (D.N.J. June 18, 2025) (noting that the Court had previously granted plaintiff's motion for pro bono counsel "for the limited purpose of effecting personal service of process upon all [d]efendants and denied with respect to representation beyond service of process.").

However, "[b]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (citations omitted). Once the Court

has determined, as a threshold matter, "that the plaintiff's claim has arguable merit in fact and law," the Court then must consider a number of additional, non-exhaustive factors (the "*Tabron* factors") to determine whether appointment of pro bono counsel is appropriate. *Id.*; *see also Parham*, 126 F.3d at 457.

The *Tabron* factors are: (1) the ability of the plaintiff "to present his or her case," and, where the plaintiff is a prisoner, the "restraints placed upon him or her by confinement"; (2) the difficulty and complexity of the legal issues in the matter; (3) the amount of factual investigation required and the plaintiff's ability to pursue that factual investigation, and whether the claims will require extensive discovery and compliance with complex discovery rules; (4) whether the issues will rely heavily on testimony and thus turn on credibility determinations; (5) whether expert witness testimony will be required; and (6) whether the plaintiff can attain and afford to retain counsel. *Tabron*, 6 F.3d at 155-56; *Parham*, 126 F.3d at 457.[1]

The Court must weigh these factors ever mindful that "[v]olunteer lawyer time is a precious commodity . . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." *Tabron*, 6 F.3d at 157 (second alteration in original) (quoting *Cooper v.*

---

[1] The Court previously determined that "[Abdullah's] claims may have 'some merit in fact and law'" inasmuch as "the Court permitted [his] complaint to proceed after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B)." [Dkt. 39] (citing *Bolling v. Davis*, Civ. No. 19-18545 (RK), 2023 WL 4551425, at *3 (D.N.J. July 14, 2023); *Williams v. Hayman*, 488 F. Supp. 2d 446, 449-50 (D.N.J. 2007)); *see also* [Dkt. 59] at 4, n.1. Accordingly, the Court only discusses the *Tabron* factors in its analysis below.

*A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). Thus, "appointment of counsel remains a matter of discretion . . . and the determination must be made on a case-by-case basis." *Id.* at 157-58.

*

Here, Abdullah again has failed to show that the facts relevant to the Court's decision to deny his prior motions "have [ ] materially changed," so the Court again concludes that the appointment of counsel—even for the limited purpose of taking Merriel's deposition—is not warranted. [Dkt. 59] at 5 (internal quotation marks and citation omitted).

Regarding the first *Tabron* factor—plaintiff's ability to present his own case—Abdullah does not set forth any persuasive factual bases demonstrating that he is not competent or literate, that he does not generally understand the legal process, or that his general "ability to present his case has been impeded because of the particular circumstances of his incarceration." [Dkt. 39] at 4-5 (analyzing the first *Tabron* factor).[2] Abdullah contends that his deposition transcript "clearly demonstrate[s] the need for [a]ppointment of [c]ounsel in this action," [Dkt. 76] at 2, yet a review of that transcript evinces only a lack of experience with legal proceedings. However, "lack of legal knowledge and training is common among pro se litigants and is not by itself enough to warrant the appointment of counsel," and

---

[2] During his deposition, Abdullah complained that he had not been informed that the reason for the visit from defense counsel was a deposition, so he did not bring his paperwork with him. However, plaintiff did not deny that he had received the orders from the Court scheduling and rescheduling his deposition. The Court is thus not persuaded that Abdullah's incarceration has uniquely impeded his ability to present his case.

despite his lack of litigation experience, Abdullah ably testified regarding the events giving rise to this action during his deposition. *Nickens v. Mercer Cnty. Corr. Ctr.*, Civ. No. 20-14489 (AME), 2021 WL 3206826, at *2 (D.N.J. July 28, 2021) (citation omitted). Accordingly, the first *Tabron* factor still weighs against the appointment of counsel at this time.

The second *Tabron* factor requires the Court to consider "the difficulty of the particular legal issues," especially where the law is not clear. *Tabron*, 6 F.3d at 156. Under this factor, courts also consider the "proof going towards the ultimate issue and the discovery issues involved." *Parham,* 126 F.3d at 459. Here, Abdullah's claim primarily turns on allegations that Merriel assaulted him. As noted, Abdullah ably testified regarding the alleged assault, and with the exception of some minor confusion regarding the discovery confidentiality order in this case, it does not appear that Abdullah has had any trouble litigating the legal issues presented in this case or managing discovery thus far. Accordingly, the second *Tabron* factor weighs against the appointment of counsel.

The third *Tabron* factor—the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation—also weighs against appointing pro bono counsel. "[T]he Third Circuit has stated that where a person is confined to prison and that confinement limits his ability to conduct discovery, great weight will be given to the decision to appoint counsel." *Nadal v. Christie*, Civ. No. 13-5447 (RBK), 2013 WL 6331058, at *3 (D.N.J. Dec. 4, 2013) (citing *Montgomery*, 294 F.3d at 503; *Tabron*, 6 F.3d at 156). However, it still does not appear that Abdullah has had trouble pursuing fact discovery without counsel

thus far. And there is little to suggest that conducting depositions will present an insurmountable challenge for Abdullah. Indeed, "[c]ourts have repeatedly recognized that a plaintiff's incarceration [alone] does not . . . 'preclude him from conducting depositions.'" *Ryan v. Robinson*, Civ. No. 22-1175 (MJS), 2023 WL 3034130, at *3 (D.N.J. Apr. 21, 2023) (collecting cases). To the contrary, "[i]f [Abdullah] seeks to depose individuals, provided he provides proper notice and can bear the associated costs, he will be permitted to do so under appropriate security measures as deemed necessary by prison officials." *DiPietro v. Dep't of Corr. & Its Emps. Listed Herein*, Civ. No. 15-1137, 2016 WL 5914211, at *1 (M.D. Pa. Oct. 11, 2016). The third *Tabron* factor therefore weighs against the appointment of counsel.

The fourth *Tabron* factor "weighs towards appointing counsel if the case is 'solely a swearing contest.'" *Jones v. United States*, 2015 WL 7432349, at *3 (D.N.J. Nov. 23, 2015) (citing *Parham*, 126 F.3d at 460). Here, the Court still "cannot determine at this stage whether the case presents only a swearing contest," given that depositions and summary judgment are not yet complete. [Dkt. 39] at 6-7; *see also* [Dkt. 59] at 6. It appears based on the Court's review of Abdullah's deposition transcript that there is no video recording of the alleged assault, so some of the disputed factual issues in this case may lend themselves to a swearing contest. Accordingly, the Court concludes that the fourth *Tabron* factor is neutral at this time.

The fifth *Tabron* factor asks whether expert testimony will be needed. *Tabron,* 6 F.3d at 156. While Abdullah asserted in his first motion for the

appointment of pro bono counsel that he would "need . . . an expert to prove [his] injuries," [Dkt. 32-3] ¶ 9, since then, neither party has indicated a desire or need for expert discovery in this case. It is unclear to the Court at this stage whether expert discovery will be needed here, which renders the fifth *Tabron* factor neutral at this time.

As to the sixth *Tabron* factor—whether the plaintiff can attain and afford to retain counsel—the Court previously found that "this factor weighs slightly in favor of appointing *pro bono* counsel." [Dkt. 39]at 7; [Dkt. 59] at 6. Abdullah has not indicated that his financial or other ability to retain counsel has meaningfully changed since the Court's prior ruling on this issue, and therefore the Court again finds that this *Tabron* factor weighs in Abdullah's favor.

*

Balancing the *Tabron* factors together, one weighs in favor of appointing pro bono counsel, two are neutral, and the remaining three weigh against appointment. On the whole, the Court concludes that appointment of counsel—even for the limited purpose of taking Merriel's deposition—continues not to be warranted at this time. The Court accordingly denies Abdullah's motion for the appointment of pro bono counsel.

## III. CONCLUSION

For the reasons set forth above,

**IT IS** on this 9th day of November, 2026,

**ORDERED** that Abdullah's motion for the appointment of pro bono counsel for the limited purpose of taking Merriel's deposition [Dkt. 71] is DENIED without

prejudice to Abdullah's right to file a new application for the appointment of pro bono counsel if the facts relevant to the *Tabron* analysis materially change; and it is further

**ORDERED** that on or before **December 9, 2026**, the parties shall file via CM/ECF a joint letter (1) confirming that they have taken, are taking, or will take whatever steps are necessary for Abdullah to schedule and take Merriel's deposition; and (2) setting forth a proposed amended pretrial schedule through dispositive motion practice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Abdullah by regular U.S. mail.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE